UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MCLEOD,

    Petitioner,

v.                                              Case No. 8:08-CV-2505-T-30TBM

ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,

    Respondents.
_____/

## **AMENDED ORDER**

Before the Court is "Petitioner's Rehearing to Improvident Order Denying Petition for Writ of Habeas Corpus" (Dkt. 26) which the Court construes as a motion for relief from judgment filed pursuant to Fed. R. Civ. P. Rule 60(b)(6) (hereinafter "Rule 60(b) motion"). "Rule 60(b) has vested the district courts with the power 'to vacate judgments whenever such action is appropriate to accomplish justice.' *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Court. 384, 390, 93 L. Ed. 266 (1949). Motions under the rule are directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

**Background**

Petitioner filed a petition for writ of habeas corpus on December 17, 2008 (Dkt. 1). Respondents filed a response to the petition on June 16, 2009 (Dkt. 15). The Court granted Petitioner's second motion for an extension of time to file a reply, and ordered Petitioner to file his reply on or before September 29, 2009 (Dkt. 21). On September 28, 2009, Petitioner

mailed his Emergency Motion for Extension of Time in which he requested an additional extension of ten days to file his reply (Dkt. 24). The Emergency Motion for Extension of Time was received by the Clerk of the Court on October 5, 2009. The motion, however, was not entered on the Court's docket until October 7, 2009 (Dkt. 24). In the meantime, the Court denied Petitioner's petition for writ of habeas corpus and entered judgment against Petitioner on October 6, 2009 (Dkts. 22, 23). Petitioner filed his Rule 60(b) motion on October 12, 2009 (Dkt. 26).

**Analysis**

Petitioner asserts in his Rule 60(b) motion that he filed his Emergency Motion for Extension of Time before the deadline for filing his reply expired, and before the Court denied his petition for writ of habeas corpus. He argues, therefore, that the Court should grant his Rule 60(b) motion, and consider the arguments in his reply.

Petitioner delivered his Emergency Motion for Extension of Time to file his reply to prison officials for mailing on September 28, 2009 (Dkt. 24 at pg. 1). Although Petitioner's Emergency Motion for Extension of Time was filed with the Court on October 5, 2009, under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for forwarding to the court. Therefore, Petitioner's Emergency Motion for Extension of Time was filed prior to September 29, 2009, the date his reply was due. Accordingly, the Court will grant Petitioner's Rule 60(b) motion and consider Petitioner's arguments in his reply.

Nevertheless, having reviewed and considered Petitioner's reply (See Dkt. 26 at pgs. 12-41), the Court does not find Petitioner's reply arguments persuasive. The Court finds that

Petitioner's reply fails to demonstrate a manifest error of law or fact in this Court's decision denying Petitioner's petition for writ of habeas corpus.

Accordingly, the Court **ORDERS** that:

1. "Petitioner's Rehearing to Improvident Order Denying Petition for Writ of Habeas Corpus" (Dkt. 26) is **GRANTED**.

2. The October 6, 2009 Judgment (Dkt. 23) is **VACATED**.

3. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED** for the reasons set forth in the Court's October 6, 2009 Order (See Dkt. 22).

4. The **Clerk** is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record